UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE JACKSON,<br>      Plaintiff,<br>   vs.<br>GENENTECH, INC.,<br>      Defendant. | CASE NO. 21-cv-05265-YGR<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>Re: Dkt. No. 17 |

Plaintiff filed this action against defendant on July 8, 2021. (Dkt. No. 1.) Currently pending is defendant's motion to dismiss and/or strike or, in the alternative, for a more definite statement. (Dkt. No. 17.) Having carefully considered the briefing and arguments submitted on the motion, and for the reasons stated on the record at the September 28, 2021 hearing, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss. Specifically, the motion is **DENIED** as to the disability discrimination claim based on a failure to accommodate and the wrongful termination claim. With respect to the failure to accommodate claim, plaintiff is not required to allege discriminatory intent to make out such a claim. *See McGary v. City of Portland*, 386 F.3d 1259, 1266 (9th Cir. 2004) ("A plaintiff need not allege either disparate treatment or disparate impact in order to state a reasonable accommodation claim.") (citation omitted); *see also Peebles v. Potter*, 354 F.3d 761, 766 (8th Cir. 2004) (liability for failure to accommodate claims does not "turn on the employer's intent or actual motive"). Moreover, given that plaintiff allegedly requested the accommodation one month prior to notice of his termination, an EEOC investigation into the termination charge could have reasonably uncovered the alleged failure to accommodate. *See Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002); *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (in determining exhaustion, courts must construe EEOC charge "with the utmost liberality") (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). Therefore, the motion to dismiss the accommodation claim for failure to allege discriminatory

animus or for failure to properly exhaust administrative remedies is **DENIED**. With respect to the wrongful termination claim, the Court finds that plaintiff's filing of the second EEOC charge equitably tolled the applicable statute of limitations. *See McDonald v. Antelope Valley Commun. College Dist.*, 45 Cal. 4th 88, 102 (2008) ("The filing of an administrative claim, whether mandated or not, affords a defendant notice of the claims against it so that it may gather and preserve evidence, and thereby satisfies the principal policy behind the statute of limitations."). Therefore, the motion to dismiss this claim as time-barred is **DENIED**.

However, the remaining claims for disability discrimination (based on the termination), age discrimination, and race discrimination are **DISMISSED WITH LEAVE TO AMEND**. The motion to strike or for more definitive statement is **DENIED AS MOOT**. Defendant's request for judicial notice of the EEOC charges is **GRANTED** as unopposed. (Dkt. No. 18.) As discussed at the hearing, plaintiff shall file an amended complaint no later than **October 18, 2021**. Defendant shall respond to the filing no later than **November 8, 2021**. This matter is **REFERRED** to Magistrate Judge Jacqueline Corley for an early settlement conference. The initial case management conference currently set for October 25, 2021 is **CONTINUED** to January 31, 2022. Should a settlement conference be set for a date after January 31, the parties may request to further continue the case management conference.

This Order terminates Docket Number 17.

**IT IS SO ORDERED.**

Dated: September 29, 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE